UNITED STATES DISTRICT COURT FOR THE DISTRICT OF CONNECTICUT

PRO SE PRISONER CIVIL RIGHTS COMPLAINT

SCANNED at
and Emailed
9/13/21 by ___. 25 pages
  date   initials  No.

CASE NO. _____

PLAINTIFF(S) [Write the name(s) of the person(s) complaining. Do not use et al.]

Kimar Fraser

VS.

DEFENDANT(S) [Write the name(s) of the person(s) you are suing. If you do not know a name, write "John Doe" or "Jane Doe." Include the defendant's rank or title if you know it. Do not use et al.]

Lieutenant Durant (Former)

Correctional Officer Haynes

Warden Amanda Hannah (Former)

RN Lynne Munday

LPC Jamie Loehfelm

Complete every section and **SIGN THE LAST PAGE.**

*Revised 12/13/18*

A. JURISDICTION

Because federal courts cannot hear every kind of claim, you must identify the law that says this court can hear your claim. There are two possibilities. Check one.

I can bring my complaint in federal court because I am suing:

1. __X__ State, county or city employees for violating my federal rights under 42 U.S.C. Sec. 1983/1985/1986; OR

2. _____ Federal employees for violating my federal rights under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) and 28 U.S.C. Sec. 1331.

B. PLAINTIFF (THE PERSON FILING THIS COMPLAINT)

If there is more than one plaintiff, attach additional pages. Provide items a, b, and c for each plaintiff.

1. First Plaintiff
   a. Full Name: Kimar Fraser
   b. Inmate Number: 379979
   c. Correctional facility: GARNER Correctional Institution

C. DEFENDANT (THE PERSON WHOSE ACTIONS YOU ARE COMPLAINING ABOUT)

If you are suing more than six defendants, attach additional pages. Provide items a, b, and c for each defendant.

1. First Defendant
   a. Full Name: Lieutenant Durant
   b. Rank or Title: (Former) Lieutenant
   c. Workplace: Bridgeport county correctional center

2. Second Defendant
   a. Full Name: officer Haynes
   b. Rank or Title: Correctional officer
   c. Workplace: Bridgeport county correctional center

3. Third Defendant
   a. Full Name: Amonda Hannah
   b. Rank or Title: (Former) Warden
   c. Workplace: Bridgeport county correctional center

4. Fourth Defendant
   a. Full Name: Lynne Munday
   b. Rank or Title: Registered Nurse (RN)
   c. Workplace: Bridgeport County correctional center

5. Fifth Defendant
   a. Full Name: Jamie Loehfelm
   b. Rank or Title: Licensed Practical Counselor (LPC)
   c. Workplace: Bridgeport county correctional center

6. Sixth Defendant
   a. Full Name: Kehinde F. Adeniji
   b. Rank or Title: Registered Nurse (RN)
   c. Workplace: Bridgeport county correctional center

## D. REASON FOR COMPLAINT

**WARNING: Contact Inmate Legal Aid Program. Common mistakes can get your case dismissed as frivolous or for failure to state a good legal claim. If this happens, you will still have to pay the filing fee, even if you are proceeding in forma pauperis. To avoid losing your filing fee, please read this information carefully and consult Inmate Legal Aid Program before you file.**

*Revised 12/13/18*

1. Failure to use the prison grievance process before suing. If you have not followed all the steps in the grievance process before you come to court, the defendants may ask the Court to dismiss your claims for "failure to exhaust administrative remedies."

2. Complaining about incidents that happened a long time ago: If you are suing about events that happened more than three years ago, the defendants may ask the Court to dismiss your case under the "statute of limitations."

3. Suing people who were not personally involved: You can generally only sue defendants who were directly involved in harming you. In order to sue a supervisor, you must usually show that the supervisor knew about the actions of other defendants and failed to stop them.

4. Suing defendants who have immunity to suit for money damages: You generally cannot sue the following people and entities for money damages: the State of Connecticut; agencies of the state (like the Department of Correction); the United States government; the President of the United States (for actions taken while President); judges (for actions taken in connection with judicial duties); parole board officers (for actions taken in imposing parole conditions or revoking parole); prosecutors (for actions taken in performing duties integral to the criminal judicial process). If you think you have a claim for money damages against such people or entities, check with Inmate Legal Aid Program first. If you name defendants who are immune to suit from money damages and your suit is dismissed on that basis, you will lose your filing fee.

5. Complaining about a criminal conviction or prison disciplinary proceeding that resulted in loss of good time credits or other change to your time in prison. If winning your claims "would necessarily imply the invalidity" of a criminal conviction or prison disciplinary punishment affecting the time served, then you cannot make these claims under Section 1983 unless you have already had the conviction or prison disciplinary proceeding invalidated, for example through a habeas proceeding. See *Heck v. Humphrey*, 512 U.S. 477, 487 (1994).

Please note that this is not a complete list of the problems you might encounter with your case. The Court cannot give you legal advice and will not appoint a lawyer for you until it is clear that you have a good legal claim. Until then, your best strategy is to call the Inmate Legal Aid Program before you file a complaint. If Inmate Legal Aid Program says you do not have a good case, you should consider that advice very seriously.

Now you need to explain how your federal rights were violated (remember that not every violation of state law or prison regulations amounts to a violation of federal law). What you need to tell the Court is who did what, when they did it, and how you were harmed.

*Revised 12/13/18*

You do not need to cite to the Constitution, any statutes, or any cases. However, it is important to be specific about dates, times, and the names of the people involved. It is helpful to put each important fact in a separate, numbered paragraph.

If you do not know the name of the person who harmed you, call that person Defendant Doe and provide some information from which it will be possible to identify the person - for example, gender, rank and shift. If there is more than one defendant whose name you do not know, call them Defendant Doe1, Defendant Doe2, and so on.

Here is an example of the proper way to describe your claims:

Example of Statement of Case
1. On April 12, 2015, I fell and injured my foot during a basketball game with other prisoners.
2. After the game, I asked Defendant CO Brian Smith to let me see the nurse. Defendant CO Brian Smith told me that I could not see the nurse because it was not an emergency.
3. During the afternoon, my foot became swollen and very painful.
4. At about 5 p.m., in the presence of my cellmate Bill Bloggs, I told Defendant Lieutenant Jane Doe, who was the shift supervisor, that I needed a doctor and showed her my swollen foot.
5. Defendant Lieutenant Jane Doe brought me two Tylenol and told me that I could not see the nurse until sick call the next morning.
6. The next day, I could not get out of bed because my foot was so swollen and painful. I had to go to hospital and have an operation to fix my foot.
7. I had to take pain medication for two months after the operation and have needed a walking stick for support since that time.

Now describe your claims.

Statement of Case
1. SEE; ATTACHMENT: A, B, C, D, E, F, G, H, I

2.

3.

4.

*Revised 12/13/18*

5

## STATEMENT OF CASE

On October 26, 2018 the plaintiff was subjected to cruel and unusual punishment by means of defendants willfull wanton, excessive use of force, and failure to protect. Plaintiff brings this action to vindicate his civil rights and recover compensation for his injuries.

1. On october 25, 2018 the plaintiff was an "unsentenced pre-trial detainee" housed at the Bridgeport Correctional County jail in the 3B Block.

2. On October 25, 2018 the plaintiff was accused of an alleged inadvertent misconduct warranting the plaintiff being placed on both in-cell restraints (Handcuffs, Leg shackles, Tether chain connecting the two, Black box, and Pad lock) and Behavioral Observation Status (B.O.S.).

3. The plaintiff promptly complained of the uncomfortableness of the restraints, being that they were too tight and the tether chain too short subjecting the plaintiff to being bent at the waist in an uncomfortable position the entire time on in-cells and impossible to properly use the toilet.

-A-

4. On October 26, 2018 the plaintiff request for adjustment of the restraints went unanswered so the plaintiff began to protest by covering his cell-door window with a mattress, out of stress and fustration due to the pain and uncomfortableness of his restraints.

5. The plaintiffs protest against the aforementioned injustice was cruelly met with defendant lieutenant Durant unnecessarily and wrongfully orchestrating a cell-extraction upon the plaintiff.

6. During and after the cell-extraction, defendant Lieutenant Durant deployed chemical agent on the plaintiff on multiple occasions.

7. Although the plaintiff was on B.O.S. and full in-cell-restraints that rendered him chained an unclothed, a shield traditionally used for extractions was militarily used to unlawfully force the compliance of the plaintiff, along with the assistance of several other prison guards.

8. Once the plaintiff was extracted from the cell, he was made to lie on the floor of the 38A corridor under said shield used in the extraction.

- B -

9. While under said shield controlled by subordinating Correctional officer HAYNES, defendant Lieutenant Durant sadistically discharged another painful burst of chemical agent to the plaintiff's head, face, and eyes.

10. This entire time the plaintiff was completely naked except for the hand cuffs, leg shackles, tether chain, black box, and padlock.

11. The plaintiff's nakedness made it evident that he was not in possession of a weapon, and therefore should not have been handled with the excessive force facilitated by the defendant Lieutenant Durant.

12. During the cell-extraction, the plaintiff was hurled to the corridor floor like a despised animal, afterward being viciously punched and kicked by one or more prison guard(s); with the goal of "subduing" the plaintiff.

13. The plaintiff was then placed in a wheel chair and transferred to I.P.M. (In-Patient-Medical) to be placed on 4-point restraints, strapping to a thin mattress, with the restraints being too tight, subjecting me to more pain.

-C-

14. Between the transportation to I.P.M., defendents resentfully disregarded the policy of decontaminating the plaintiff on the account of the chemical agent deployed some time before.

15. While on 4-point restraints in I.P.M. the plaintiff made several complaints in regards to "the overwhelming burning sensation of his entire body from the chemical agent" and of "the tightness of the restraints".

16. Despite the plaintiff's agonizing cries for alleviation, it was decided to give the plaintiff an intramuscular injection (that consisted of a double dosage of thorozine, benydryl, and ativan) to seize his cries of agony regarding the burning sensation from the affects of the chemical agent.

17. At no point in time was the plaintiff properly decontaminated, despite requesting to be decontaminated several times to nurse Lynne Munday and lieutenant Durant.

18. A few hours later, the plaintiff was taken off 4-point restraints after the intramuscular injection reached it's desired effect.

- D -

19. The plaintiff was subsequently placed back on in-cell restraints and transferred back to the 38A restrictive housing unit.

20. After the plaintiff was given Two (2) dosage of intramuscular injections and placed back on in-cell restraints, the plaintiff fell in his cell multiple times due to the effects of the medication not wearing off and the plaintiff being in full restraints. Prison staff debased the plaintiff to that of a tranquilized elephant. Such is the inhumanity of repressive prison regimes.

21. The plaintiff was taken off in-cell restraints on October 27, 2018, Some 40 plus hours after initially being placed on in-cell restraints on October 25, 2018.

22. The plaintiff remained on B.O.S. until October 30, 2018 despite exemplifying sufficient non-destructive or non-disobedient behavior to be taken off in-cell restraints days prior.

23. The plaintiff requested a Shower and opportunity to properly decontaminate from RN Kehinde F. Adeniji on October 26, 2018. And from LPC Jamie M. Loehfelm on October 27, 2018 but was denied both times.

-E-

24. The plaintiff was not allowed or given the chance to shower and properly remove the lasting effects of the chemical agent untill after speaking with LPC Frank A. Mastri on October 29, 2018.

25. Between the time of being sprayed multiple times with chemical agent on October 26, 2018 and allowed to shower on October 29, 2018, the plaintiff was never given soap or any hygien product to decontaminate while in his cell at any point in time.

26. Defendants LPC Jamie M. Loehfelm and RN Kehinde F. Adeniji both engaged in spoliation of inculpatory evidence by way of not properly documenting incident reports and notes regarding the plaintiffs request for a shower/chance to properly decontaminate.

27. Defendant Lieutenant Durant violated the plaintiffs Constitutional rights and used excessive force by way of utilizing chemical agent and authorizing the use of shield, closed fists, feet, and no decontamination on a restrained, subdued, defenseless, mentally impared, pre-trial detainee.

-F-

28. Defendant (former) Warden Amonda Hannah was fully aware of the plaintiffs cruel and unusual punishment along with his excessive use of force and due process violation and was fully capable of intervening, but did nothing to ensure the plaintiffs protection from harm.

29. The plaintiff still suffers to date from physical, emoitional, and mental injuries sustained during the incidents that took place October 25,-29, 2018.

30. Defendants Lieutenant Durant and Correctional officer Haynes conduct was extreme and outrageous. Authority figures who are paid by taxpayer dollars ruthlessly beating up a prisoner who is already in a vulnerable and confined situation and cannot defend himself is outrageous in character, extreme, beyond all possible bounds of decency, atrocious, and utterly intolerable in a civilized society.

31. Defendant Lieutenant Durant and correctional officer Haynes did not just disregard the safety of the plaintiff, they intentionally harmed the plaintiff, wanting to kill him, and then ▓▓▓▓▓▓▓▓▓ failed to ensure that he recovered from his injuries.

- G -

32. Injuries plaintiff sustained due to the assault and several days of soaking in chemical agent was Seveare migraines and bruises and cuts due to being punched in his face and head and kicked in his body, skin rashes from soaking in chemical agent for days, Post-traumatic-stress-disorder (P.T.S.D.) that the plaintiff still suffers from and is being treated for to date.

33. Medical records and the plaintiff's account of his severe emotional injuries evidence that the defendants conduct was the cause of his severe emotional distress following the assault.

34. All defendants herein were acting in their official capacity as a correctional officer, Lieutenant, Registered Nurse (RN), Licensed Practical Counselor (LPC), and Warden. Ther are being sued in thier individual and official capacities for violating the plaintiffs rights as a pre-trial detainee to be free from cruel and unusual punishment, excessive force, and due process violation.

-H-

35. Defendants herein are therefore liable to the plaintiff for the unlawful injuries he suffered as a result.

36. The plaintiff has exhausted all available administrative remedies prior to bringing the instant suit.

. . . . .

## PRAYER FOR RELIEF

1. Monetary damages from each defendant

2. Compensatory damages from each defendant

3. Punitive damages from each defendant

4. Attorney fees

5. Any further relief this court deems necessary.

- I -

5.

6.

7.

8.

9.

10.

If you need more space, attach additional pages, but be as brief as possible.

## E.    REQUEST FOR RELIEF
Tell the court what kind of relief you want.  **Remember:** (1) You can only get money damages for mental or emotional injury if you were also physically injured; (2) Money damages may be reduced to pay restitution to victims of your crime and fees for a courtappointed attorney, if you had one; (3) You cannot use a Section 1983 or *Bivens* action to request release from custody, a reduction in your sentence, or a restoration of good time credits.  For any of these, you must request a Writ of Habeas Corpus.

SEE; ATTACHMENT; I

*Revised 12/13/18*

6