**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

```
------------------------------X
                             :
KIMAR FRASER                 :    Civil No. 3:21CV01190(SALM)
                             :
v.                           :
                             :
LIEUTENANT DURANT,           :
CORRECTIONAL OFFICER HAYNES, :
WARDEN AMANDA HANNAH,        :
RN LYNNE MUNDAY, LPC JAMIE   :
LOEHFELM, and RN KEHINDE F.  :
ADENIJI                      :    April 4, 2022
                             :
------------------------------X
```

**INITIAL REVIEW ORDER**

Self-represented plaintiff Kimar Fraser ("Fraser" or "plaintiff"), a sentenced inmate[1] at Cheshire Correctional Institution ("Cheshire"), brings this action relating to events occurring while he was a pretrial detainee in the custody of the Connecticut Department of Correction ("DOC"). Plaintiff brings this action pursuant to 42 U.S.C. §1983 against six current or

---

[1] The Court may take judicial notice of matters of public record. See, e.g., Mangiafico v. Blumenthal, 471 F.3d 391, 398 (2d Cir. 2006); United States v. Rivera, 466 F. Supp. 3d 310, 313 (D. Conn. 2020) (taking judicial notice of BOP inmate location information); Ligon v. Doherty, 208 F. Supp. 2d 384, 386 (E.D.N.Y. 2002) (taking judicial notice of state prison website inmate location information). The Court takes judicial notice of the Connecticut DOC website, which reflects that Fraser was sentenced on June 28, 2019, to a term of imprisonment that has not expired. See http://www.ctinmateinfo.state.ct.us/detailsupv.asp?id_inmt_num=379979 (last visited Apr. 4, 2022).

former DOC employees at Bridgeport Correctional Center ("BCC"): Lieutenant Durant, Correctional Officer Haynes, former Warden Amanda Hannah, Registered Nurse ("RN") Lynne Munday, Licensed Professional Counselor ("LPC") Jamie Loehfelm, and RN Kehinde F. Adeniji. See Doc. #1 at 2-3.

## I.  **STANDARD OF REVIEW**

Under section 1915A of Title 28 of the United States Code, the Court must review any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. §1915A(a). The Court then must "dismiss the complaint, or any portion of the complaint, if" it "is frivolous, malicious, or fails to state a claim upon which relief may be granted; or ... seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A(b). Dismissal under this provision may be with or without prejudice. See Shakur v. Selsky, 391 F.3d 106, 112 (2d Cir. 2004). Section 1915A "applies to all civil complaints brought by prisoners against governmental officials or entities regardless of whether the prisoner has paid a filing fee."[2] Abbas

---

[2] Plaintiff filed a Motion for Leave to Proceed in forma pauperis on September 13, 2021. See Doc. #2. On November 18, 2021, the Court denied plaintiff's motion and ordered plaintiff to pay the filing fee by December 17, 2021. See Doc. #10. On January 5, 2022, plaintiff filed a Motion for Reconsideration, asking the Court to reconsider the denial of his motion for leave to proceed in forma pauperis. See Doc. #14. On January 10, 2022, the Court took plaintiff's motion under advisement and requested

v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007) (citation and quotation marks omitted).

A civil complaint must include sufficient facts to afford defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a plausible right to relief. See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007). Conclusory allegations are not sufficient. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Rather, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570.

It is well-established that "[p]ro se complaints 'must be construed liberally and interpreted to raise the strongest arguments that they suggest.'" Sykes v. Bank of Am., 723 F.3d 399, 403 (2d Cir. 2013) (quoting Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006)). However, even self-represented parties must satisfy the basic rules of pleading, including the requirements of Rule 8. See, e.g., Wynder v. McMahon, 360 F.3d 73, 79 n.11 (2d Cir. 2004) ("[T]he basic requirements of Rule 8 apply to self-represented and counseled plaintiffs alike."). A complaint, even one filed by a self-represented plaintiff, may be dismissed if it fails to comply with Rule 8's requirements "that a complaint must set forth a

---

additional information from plaintiff. See Doc. #16. On January 20, 2022, plaintiff paid the full filing fee. See Doc. #17.

short and plain statement of the basis upon which the court's jurisdiction depends and of a claim showing that the pleader is entitled to relief." <u>Prezzi v. Schelter</u>, 469 F.2d 691, 692 (2d Cir. 1972).

## II.  <u>**ALLEGATIONS OF THE COMPLAINT**</u>

The Court accepts the following allegations as true, solely for the purpose of initial review.

On October 25, 2018, plaintiff was in DOC custody at BCC as "an 'unsentenced pre-trial detainee[.]'" Doc. #1 at 6, ¶1. "[P]laintiff was accused of an alleged inadvertent misconduct warranting" placement "on both in-cell restraints (handcuffs, leg shackles, tether chain connecting the two, black box, and pad lock) and Behavioral Observation Status[.]" <u>Id.</u> at 6, ¶2. Plaintiff complained that the restraints "were too tight and the tether chain [was] too short[,]" resulting in plaintiff being "bent at the waist in an uncomfortable position" and unable to "properly use the toilet." <u>Id.</u> at 6, ¶3.

On October 26, 2018, because BCC staff did not respond to his requests to adjust the restraints, "plaintiff began to protest by covering his cell-door window with a mattress[.]" <u>Id.</u> at 7, ¶4. In response, Lieutenant Durant "orchestrat[ed] a cell-extraction[.]" <u>Id.</u> at 7, ¶5. "During and after the cell-extraction, defendant Lieutenant Durant deployed chemical agent on the plaintiff on multiple occasions." <u>Id.</u> at 7, ¶6. "During

4

the cell-extraction, the plaintiff was hurled to the corridor floor" and "viciously punched and kicked by one or more prison guard(s); with the goal of 'subduing'" him. Id. at 8, ¶12 (sic). While plaintiff was "controlled by subordinating Correctional Officer Haynes, defendant Lieutenant Durant ... discharged another painful burst of chemical agent to the plaintiff's head, face, and eyes." Id. at 8, ¶9. Because "plaintiff was completely naked[,]" it was "evident that he was not in possession of a weapon, and therefore should not have been handled with ... excessive force[.]" Id. at 8, ¶¶10-11.

After the cell extraction, plaintiff was "transferred to" an "in-patient-medical" unit and "strapp[ed] to a thin mattress, with the restraints being too tight[.]" Id. at 8, ¶13. Plaintiff complained about "'the overwhelming burning sensation of his entire body from the chemical agent'" that he experienced because he had not been decontaminated "and of 'the tightness of the restraints.'" Id. at 9, ¶15. Rather than allowing plaintiff to be decontaminated, "it was decided to give the plaintiff an intramuscular injection (that consisted of a double dosage of thorozine, Benydryl, and ativan) to seize his cries of agony regarding the burning sensation from the affects of the chemical agent." Id. at 9, ¶16 (sic). Plaintiff was then placed back in a cell where he "fell ... multiple times due to the effects of the medication not wearing off and ... being in full restraints."

Id. at 10, ¶20. Plaintiff's restraints were removed on October 27, 2018. See id. at 10, ¶21.

During the time he was restrained, plaintiff asked defendants Lynne Munday, Lieutenant Durant, RN Kehinde F. Adeniji, and LPC Jamie M. Loehfelm to decontaminate him, but was denied each time. See id. at 9, ¶17; id. at 10, ¶23. Plaintiff was "never given soap or any hygien[e] product to decontaminate[,]" id. at 11, ¶25, or the opportunity to shower until October 29, 2018. See id. at 11, ¶¶24-25. The prolonged exposure to the chemical agent and "being punched in his face and head and kicked in his body[]" resulted in "skin rashes" and "seveare migraines and bruises and cuts[.]" Id. at 13, ¶32 (sic). Plaintiff "still suffers from and is being treated for" Post Traumatic Stress Disorder from the incident. Id.

"Defendants LPC Jamie M. Loehfelm and RN Kehinde F. Adeniji" did "not properly document[] incident reports and notes regarding the plaintiff[']s request for a shower/chance to properly decontaminate." Id. at 11, ¶26. Defendant "Warden Amanda Hannah was fully aware of the" situation "and was fully capable of intervening, but did nothing to ensure the plaintiffs protection from harm." Id. at 12, ¶28 (sic).

## III. <u>DISCUSSION</u>

The Court construes plaintiff's Complaint as asserting: (1) a Supervisory Liability claim against defendant Hannah; (2) a

Fourteenth Amendment excessive force claim against defendants Durant and Haynes; and (3) a Fourteenth Amendment deliberate indifference to serous medical needs claim against defendants Durant, Munday, Loehfelm, and Adeniji.

### A.    Official Capacity Claims

Plaintiff asserts claims against defendants in both their individual and official capacities for money damages. See Doc. #1 at 13, ¶34. Plaintiff does not seek any injunctive relief, see id. at 14, and the events described in his Complaint would not support such relief. See Vega v. Semple, 963 F.3d 259, 281 (2d Cir. 2020) (explaining that "suits for prospective relief against an individual acting in his official capacity may be brought to end an ongoing violation of a federal law[]" (emphasis added)). Any claims for money damages against the defendants, who are state employees, in their official capacities, are barred by the Eleventh Amendment. See Kentucky v. Graham, 473 U.S. 159, 169 (1985). "Section 1983 does not abrogate state sovereign immunity. Nor has [plaintiff] alleged any facts suggesting that the state has waived immunity in this case." Kerr v. Cook, No. 3:21CV00093(KAD), 2021 WL 765023, at *5 (D. Conn. Feb. 26, 2021) (citation omitted).

Additionally, plaintiff's allegations arise from his detention at BCC. However, plaintiff is no longer confined at BCC. See Doc. #1 at 2. "An inmate's transfer from a prison

7

facility moots his claims for declaratory or injunctive relief against officials of the transferring facility." McCray v. Lee, 963 F.3d 110, 117 (2d Cir. 2020).

 Accordingly, all claims against defendants in their official capacities are **DISMISSED, with prejudice.**

### B.   Supervisory Liability

Plaintiff asserts claims against Warden Hannah based on supervisory liability. Plaintiff's allegations against Warden Hannah are limited to the following:

> Defendant (former) Warden Amanda Hannah was fully aware of the plaintiffs cruel and unusual punishment along with his excessive use of force and due process violation and was fully capable of intervening, but did nothing to ensure the plaintiffs protection from harm.

Doc. #1 at 12, ¶28 (sic). Plaintiff's conclusory statements are insufficient to allege Warden Hannah's personal involvement. See Darby v. Greenman, 14 F.4th 124, 131 (2d Cir. 2021) ("Even for pro se pleadings, vague and conclusory allegations of official participation in civil rights violations are not sufficient[.]" (citation and quotation marks omitted)).

When bringing a claim pursuant to §1983, "a plaintiff must plead and prove 'that each Government-official defendant, through the official's own individual actions, has violated the Constitution.'" Tangreti v. Bachmann, 983 F.3d 609, 618 (2d Cir. 2020) (quoting Iqbal, 556 U.S. at 676). An alleged constitutional "violation must be established against the

supervisory official directly[]" and cannot be based on supervisory liability. Id. In other words, a supervisory official is not personally involved in the violation of a plaintiff's constitutional rights simply "by reason of [the official's] supervision of others who committed the violation." Id. at 619.

Plaintiff has not alleged that Warden Hannah had any personal involvement in the events underlying his claims. Accordingly, any claim against defendant Warden Hannah in her individual capacity is **DISMISSED, without prejudice,** for failure to allege personal involvement.

### C. Excessive Force

"'[T]he Due Process Clause protects a pretrial detainee from the use of excessive force that amounts to punishment.'" Frost v. New York City Police Dep't, 980 F.3d 231, 251 (2d Cir. 2020) (quoting Graham v. Connor, 490 U.S. 386, 395 n.10 (1989)). A pretrial detainee can show that an officer's actions are "punishment" if "they are taken with an expressed intent to punish[]" or if they "are not rationally related to a legitimate nonpunitive governmental purpose or that the actions appear excessive in relation to that purpose." Id. at 252 (citations and quotation marks omitted).

To state a claim for use of excessive force under the Fourteenth Amendment, "a pretrial detainee must show only that

9

the force purposely or knowingly used against him was objectively unreasonable." Kingsley v. Hendrickson, 576 U.S. 389, 396–97 (2015). "[O]bjective reasonableness turns on the facts and circumstances of each particular case. A court must make this determination from the perspective of a reasonable officer on the scene, including what the officer knew at the time, not with the 20/20 vision of hindsight." Id. at 397 (citation and quotation marks omitted). Various considerations "may bear on the reasonableness or unreasonableness of the force used[,]" including "the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting[,]" among others. Id.

Plaintiff alleges that defendant Lieutenant Durant deployed a "chemical agent to the plaintiff's head, face, and eyes[]" while plaintiff was restrained by CO Haynes. Doc. #1 at 8, ¶9. Plaintiff further alleges that he was "viciously punched and kicked by one or more prison guard(s)[.]" Id. at 8, ¶12. Plaintiff identifies the guards present as Haynes and Durant.

These allegations are sufficient, at this stage, to permit plaintiff's claims of excessive force to proceed against

defendants Durant and Haynes, in their individual capacities,
for damages.

### D.   Deliberate Indifference to Serious Medical Needs

A pretrial detainee may bring a deliberate indifference to
serious medical needs claim under the Fourteenth Amendment. See
Darnell v. Pineiro, 849 F.3d 17, 29 (2d Cir. 2017).

> [A] detainee asserting a Fourteenth Amendment claim for
> deliberate indifference to his medical needs can allege
> either that the defendants knew that failing to provide
> the complained of medical treatment would pose a
> substantial risk to his health or that the defendants
> should have known that failing to provide the omitted
> medical treatment would pose a substantial risk to the
> detainee's health.

Charles v. Orange Cnty., 925 F.3d 73, 87 (2d Cir. 2019).

> Deliberate indifference, in this context, may be shown
> by evidence that the official acted with reckless
> disregard for the substantial risk posed by the
> detainee's serious medical condition. See, e.g., Farmer
> v. Brennan, 511 U.S. 825, 836 (1994) ("[A]cting or
> failing to act with deliberate indifference to a
> substantial risk of serious harm to a prisoner is the
> equivalent of recklessly disregarding that risk.").
> Thus, in order to establish deliberate indifference, a
> plaintiff must show "something more than mere
> negligence"; but proof of intent is not required, for
> the deliberate-indifference standard "is satisfied by
> something less than acts or omissions for the very
> purpose of causing harm or with knowledge that harm will
> result." Id.

Weyant v. Okst, 101 F.3d 845, 856 (2d Cir. 1996). Even if
medical treatment of a pretrial detainee is inadequate, "mere
medical malpractice is not tantamount to deliberate indifference
absent a showing of conscious disregard of a substantial risk of

serious harm." <u>Darby</u>, 14 F.4th at 129 (citation and quotation
marks omitted).

Plaintiff alleges that defendants Munday, Loehfelm,
Adeniji, and Durant refused his requests to be decontaminated
after exposure to the chemical agent. <u>See</u> Doc. #1 at 9, ¶17; <u>id.</u>
at 10, ¶23. Plaintiff alleges that, instead of being
decontaminated, "it was decided to give the plaintiff an
intramuscular injection ... to seize his cries of agony
regarding the burning sensation from the affects of the chemical
agent." <u>Id.</u> at 9, ¶16 (sic). The Court will permit the
deliberate indifference claim to proceed against defendants
Munday, Loehfelm, Adeniji, and Durant, for failure to provide
decontamination after plaintiff's chemical agent exposure. <u>See</u>
<u>El-Massri v. New Haven Corr. Ctr.</u>, No. 3:18CV01249(CSH), 2019 WL
3491639, at, *14 (D. Conn. July 31, 2019) (permitting a
Fourteenth Amendment claim to proceed based on defendants'
alleged failure to allow plaintiff to shower for three days
after chemical agent exposure); <u>see</u> <u>also</u> <u>Parsons v. City of</u>
<u>N.Y.</u>, No. 17CV02707(MKB), 2017 WL 2656135, at *3-4 (E.D.N.Y.
June 19, 2017) (permitting plaintiff's Eighth Amendment
deliberate indifference claim to proceed based on defendants'
alleged failure to provide decontamination after exposure to a
chemical agent) (collecting cases).

## IV.   <u>CONCLUSION</u>

For the foregoing reasons, the Court enters the following orders:

- All claims against defendants in their official capacities are **DISMISSED, with prejudice.**

- The claim against Warden Hannah based on supervisory liability is **DISMISSED, without prejudice.**

- The case may proceed to service on plaintiff's Fourteenth Amendment **excessive force** claim against defendants **Durant** and **Haynes,** in their individual capacities, for damages.

- The case may proceed to service on plaintiff's Fourteenth Amendment **deliberate indifference** to serious medical needs claim based on failure to provide decontamination against defendants **Munday, Loehfelm, Adeniji,** and **Durant,** in their individual capacities, for damages.

Plaintiff has <u>two options</u> as to how to proceed in response to this Initial Review Order:

**(1)   If plaintiff wishes to proceed with the Complaint as against defendants Durant, Haynes, Munday, Loehfelm, and Adeniji, as outlined above, he may do so without further delay.** If plaintiff selects this option, he shall file a Notice on the docket on or before **May 4, 2022,** informing the Court that he elects to proceed with service as to the claims against defendants Durant, Haynes, Munday, Loehfelm, and Adeniji. The

13

Court will then provide plaintiff with the necessary waiver of service forms. Because plaintiff was <u>not</u> granted leave to proceed <u>in forma pauperis</u> and he has paid the filing fee, **the United States Marshal Service will <u>not</u> effect service**. Plaintiff is responsible for serving all defendants.

Plaintiff shall file a notice indicating the date on which he mailed the notice of lawsuit and waiver of service of summons forms to the defendants and shall file the waiver of service of summons forms if and when he receives them. If any defendant fails to return a signed waiver of service of summons form, plaintiff shall request a summons from the Clerk and arrange for service on that defendant in accordance with Rule 4 of the Federal Rules of Civil Procedure, a copy of which is attached to this Order.

Connecticut law requires that defendants sued in their individual capacities "be served by leaving a true and attested copy of [the summons and complaint] with the defendant, or at his usual place of abode, in this state." Conn. Gen. Stat. §52-57(a); <u>see</u> <u>also</u> <u>Bogle-Assegai v. Connecticut</u>, 470 F.3d 498, 507 (2d Cir. 2006). Plaintiff may use any legal method for service of process, such as a private process server.

The Complaint must be served within **ninety (90) days** of the date of this Order, that is, on or before **July 5, 2022**. A signed waiver of service or a return of service as to each remaining

defendant must be docketed on or before **July 19, 2022**. Failure to obtain timely signed waivers or to timely serve a defendant will result in the dismissal of this action as to that defendant.

    *OR, IN THE ALTERNATIVE,*

    **(2)  If plaintiff wishes to attempt to replead his claim against Warden Hannah to state a viable claim, he may file an Amended Complaint on or before <u>May 4, 2022</u>**. Any such Amended Complaint must <u>not</u> assert any claims that have been dismissed <u>with prejudice</u> in this Order. An Amended Complaint, if filed, will completely replace the Complaint, and the Court will not consider any allegations made in the original Complaint in evaluating any Amended Complaint. The Court will review any Amended Complaint after filing to determine whether it may proceed to service of process on any defendants named therein.

    <u>**CHANGES OF ADDRESS**</u>: If plaintiff changes his address at any time during the litigation of this case, he **MUST** file a Notice of Change of Address with the Court. **Failure to do so may result in the dismissal of the case.** Plaintiff must give notice of a new address even if he remains incarcerated. He should write "PLEASE NOTE MY NEW ADDRESS" on the notice. It is not enough to just put a new address on a letter or filing without indicating that it is a new address. He should also notify the defendants or defense counsel of his new address.

Plaintiff shall utilize the Prisoner E-filing Program when filing documents with the Court. He is advised that the Program may be used only to file documents with the Court. Discovery requests and responses should **not** be filed on the docket, except when required in connection with a motion to compel or for protective order. See D. Conn. L. Civ. R. 5(f). Discovery requests and responses or objections must be served on defendants' counsel by regular mail.

It is so ordered this 4th day of April, 2022, at New Haven, Connecticut.

/s/
HON. SARAH A. L. MERRIAM
UNITED STATES DISTRICT JUDGE

16

| 116TH CONGRESS<br>*2nd Session* | COMMITTEE PRINT | No. 8 |
| --- | --- | --- |

# FEDERAL RULES

## OF

# CIVIL PROCEDURE

———

DECEMBER 1, 2020



Printed for the use
of

## THE COMMITTEE ON THE JUDICIARY

## HOUSE OF REPRESENTATIVES

U.S. GOVERNMENT PUBLISHING OFFICE

WASHINGTON : 2021

# RULES OF CIVIL PROCEDURE

### FOR THE

## UNITED STATES DISTRICT COURTS [1]

**Effective September 16, 1938, as amended to December 1, 2020**

TITLE I. SCOPE OF RULES; FORM OF ACTION

### Rule 1. Scope and Purpose

These rules govern the procedure in all civil actions and proceedings in the United States district courts, except as stated in Rule 81. They should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding.

(As amended Dec. 29, 1948, eff. Oct. 20, 1949; Feb. 28, 1966, eff. July 1, 1966; Apr. 22, 1993, eff. Dec. 1, 1993; Apr. 30, 2007, eff. Dec. 1, 2007; Apr. 29, 2015, eff. Dec. 1, 2015.)

### Rule 2. One Form of Action

There is one form of action—the civil action.

(As amended Apr. 30, 2007, eff. Dec. 1, 2007.)

TITLE II. COMMENCING AN ACTION; SERVICE OF PROCESS, PLEADINGS, MOTIONS, AND ORDERS

### Rule 3. Commencing an Action

A civil action is commenced by filing a complaint with the court.

(As amended Apr. 30, 2007, eff. Dec. 1, 2007.)

### Rule 4. Summons

(a) CONTENTS; AMENDMENTS.

(1) *Contents.* A summons must:

(A) name the court and the parties;

(B) be directed to the defendant;

(C) state the name and address of the plaintiff's attorney or—if unrepresented—of the plaintiff;

(D) state the time within which the defendant must appear and defend;

(E) notify the defendant that a failure to appear and defend will result in a default judgment against the defendant for the relief demanded in the complaint;

(F) be signed by the clerk; and

(G) bear the court's seal.

---

[1] Title amended December 29, 1948, effective October 20, 1949.

(2) *Amendments.* The court may permit a summons to be amended.

(b) ISSUANCE. On or after filing the complaint, the plaintiff may present a summons to the clerk for signature and seal. If the summons is properly completed, the clerk must sign, seal, and issue it to the plaintiff for service on the defendant. A summons—or a copy of a summons that is addressed to multiple defendants—must be issued for each defendant to be served.

(c) SERVICE.

(1) *In General.* A summons must be served with a copy of the complaint. The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service.

(2) *By Whom.* Any person who is at least 18 years old and not a party may serve a summons and complaint.

(3) *By a Marshal or Someone Specially Appointed.* At the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court. The court must so order if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915 or as a seaman under 28 U.S.C. § 1916.

(d) WAIVING SERVICE.

(1) *Requesting a Waiver.* An individual, corporation, or association that is subject to service under Rule 4(e), (f), or (h) has a duty to avoid unnecessary expenses of serving the summons. The plaintiff may notify such a defendant that an action has been commenced and request that the defendant waive service of a summons. The notice and request must:

(A) be in writing and be addressed:

(i) to the individual defendant; or

(ii) for a defendant subject to service under Rule 4(h), to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process;

(B) name the court where the complaint was filed;

(C) be accompanied by a copy of the complaint, 2 copies of the waiver form appended to this Rule 4, and a prepaid means for returning the form;

(D) inform the defendant, using the form appended to this Rule 4, of the consequences of waiving and not waiving service;

(E) state the date when the request is sent;

(F) give the defendant a reasonable time of at least 30 days after the request was sent—or at least 60 days if sent to the defendant outside any judicial district of the United States—to return the waiver; and

(G) be sent by first-class mail or other reliable means.

(2) *Failure to Waive.* If a defendant located within the United States fails, without good cause, to sign and return a waiver requested by a plaintiff located within the United States, the court must impose on the defendant:

(A) the expenses later incurred in making service; and

(B) the reasonable expenses, including attorney's fees, of any motion required to collect those service expenses.

(3) *Time to Answer After a Waiver*. A defendant who, before being served with process, timely returns a waiver need not serve an answer to the complaint until 60 days after the request was sent—or until 90 days after it was sent to the defendant outside any judicial district of the United States.

(4) *Results of Filing a Waiver*. When the plaintiff files a waiver, proof of service is not required and these rules apply as if a summons and complaint had been served at the time of filing the waiver.

(5) *Jurisdiction and Venue Not Waived*. Waiving service of a summons does not waive any objection to personal jurisdiction or to venue.

(e) SERVING AN INDIVIDUAL WITHIN A JUDICIAL DISTRICT OF THE UNITED STATES. Unless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served in a judicial district of the United States by:

(1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or

(2) doing any of the following:

(A) delivering a copy of the summons and of the complaint to the individual personally;

(B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or

(C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

(f) SERVING AN INDIVIDUAL IN A FOREIGN COUNTRY. Unless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served at a place not within any judicial district of the United States:

(1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;

(2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice:

(A) as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction;

(B) as the foreign authority directs in response to a letter rogatory or letter of request; or

(C) unless prohibited by the foreign country's law, by:

(i) delivering a copy of the summons and of the complaint to the individual personally; or

(ii) using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt; or

(3) by other means not prohibited by international agreement, as the court orders.

(g) SERVING A MINOR OR AN INCOMPETENT PERSON. A minor or an incompetent person in a judicial district of the United States

must be served by following state law for serving a summons or like process on such a defendant in an action brought in the courts of general jurisdiction of the state where service is made. A minor or an incompetent person who is not within any judicial district of the United States must be served in the manner prescribed by Rule 4(f)(2)(A), (f)(2)(B), or (f)(3).

(h) SERVING A CORPORATION, PARTNERSHIP, OR ASSOCIATION. Unless federal law provides otherwise or the defendant's waiver has been filed, a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served:

(1) in a judicial district of the United States:

(A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or

(B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant; or

(2) at a place not within any judicial district of the United States, in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i).

(i) SERVING THE UNITED STATES AND ITS AGENCIES, CORPORATIONS, OFFICERS, OR EMPLOYEES.

(1) *United States*. To serve the United States, a party must:

(A)(i) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought—or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk—or

(ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;

(B) send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and

(C) if the action challenges an order of a nonparty agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer.

(2) *Agency; Corporation; Officer or Employee Sued in an Official Capacity*. To serve a United States agency or corporation, or a United States officer or employee sued only in an official capacity, a party must serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the agency, corporation, officer, or employee.

(3) *Officer or Employee Sued Individually*. To serve a United States officer or employee sued in an individual capacity for an act or omission occurring in connection with duties performed on the United States' behalf (whether or not the officer or employee is also sued in an official capacity), a party must serve the United States and also serve the officer or employee under Rule 4(e), (f), or (g).

(4) *Extending Time*. The court must allow a party a reasonable time to cure its failure to:

(A) serve a person required to be served under Rule 4(i)(2), if the party has served either the United States attorney or the Attorney General of the United States; or

(B) serve the United States under Rule 4(i)(3), if the party has served the United States officer or employee.

(j) SERVING A FOREIGN, STATE, OR LOCAL GOVERNMENT.

(1) *Foreign State.* A foreign state or its political subdivision, agency, or instrumentality must be served in accordance with 28 U.S.C. § 1608.

(2) *State or Local Government.* A state, a municipal corporation, or any other state-created governmental organization that is subject to suit must be served by:

(A) delivering a copy of the summons and of the complaint to its chief executive officer; or

(B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant.

(k) TERRITORIAL LIMITS OF EFFECTIVE SERVICE.

(1) *In General.* Serving a summons or filing a waiver of service establishes personal jurisdiction over a defendant:

(A) who is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located;

(B) who is a party joined under Rule 14 or 19 and is served within a judicial district of the United States and not more than 100 miles from where the summons was issued; or

(C) when authorized by a federal statute.

(2) *Federal Claim Outside State-Court Jurisdiction.* For a claim that arises under federal law, serving a summons or filing a waiver of service establishes personal jurisdiction over a defendant if:

(A) the defendant is not subject to jurisdiction in any state's courts of general jurisdiction; and

(B) exercising jurisdiction is consistent with the United States Constitution and laws.

(*l*) PROVING SERVICE.

(1) *Affidavit Required.* Unless service is waived, proof of service must be made to the court. Except for service by a United States marshal or deputy marshal, proof must be by the server's affidavit.

(2) *Service Outside the United States.* Service not within any judicial district of the United States must be proved as follows:

(A) if made under Rule 4(f)(1), as provided in the applicable treaty or convention; or

(B) if made under Rule 4(f)(2) or (f)(3), by a receipt signed by the addressee, or by other evidence satisfying the court that the summons and complaint were delivered to the addressee.

(3) *Validity of Service; Amending Proof.* Failure to prove service does not affect the validity of service. The court may permit proof of service to be amended.

(m) TIME LIMIT FOR SERVICE. If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its

own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. This subdivision (m) does not apply to service in a foreign country under Rule 4(f), 4(h)(2), or 4(j)(1), or to service of a notice under Rule 71.1(d)(3)(A).

(n) ASSERTING JURISDICTION OVER PROPERTY OR ASSETS.

(1) *Federal Law.* The court may assert jurisdiction over property if authorized by a federal statute. Notice to claimants of the property must be given as provided in the statute or by serving a summons under this rule.

(2) *State Law.* On a showing that personal jurisdiction over a defendant cannot be obtained in the district where the action is brought by reasonable efforts to serve a summons under this rule, the court may assert jurisdiction over the defendant's assets found in the district. Jurisdiction is acquired by seizing the assets under the circumstances and in the manner provided by state law in that district.

(As amended Jan. 21, 1963, eff. July 1, 1963; Feb. 28, 1966, eff. July 1, 1966; Apr. 29, 1980, eff. Aug. 1, 1980; Pub. L. 97–462, §2, Jan. 12, 1983, 96 Stat. 2527, eff. Feb. 26, 1983; Mar. 2, 1987, eff. Aug. 1, 1987; Apr. 22, 1993, eff. Dec. 1, 1993; Apr. 17, 2000, eff. Dec. 1, 2000; Apr. 30, 2007, eff. Dec. 1, 2007; Apr. 29, 2015, eff. Dec. 1, 2015; Apr. 28, 2016, eff. Dec. 1, 2016; Apr. 27, 2017, eff. Dec. 1, 2017.)

RULE 4 NOTICE OF A LAWSUIT AND REQUEST TO WAIVE SERVICE OF SUMMONS.

(Caption)

To (*name the defendant or—if the defendant is a corporation, partnership, or association—name an officer or agent authorized to receive service*):

WHY ARE YOU GETTING THIS?

A lawsuit has been filed against you, or the entity you represent, in this court under the number shown above. A copy of the complaint is attached.

This is not a summons, or an official notice from the court. It is a request that, to avoid expenses, you waive formal service of a summons by signing and returning the enclosed waiver. To avoid these expenses, you must return the signed waiver within (*give at least 30 days or at least 60 days if the defendant is outside any judicial district of the United States*) from the date shown below, which is the date this notice was sent. Two copies of the waiver form are enclosed, along with a stamped, self-addressed envelope or other prepaid means for returning one copy. You may keep the other copy.

WHAT HAPPENS NEXT?

If you return the signed waiver, I will file it with the court. The action will then proceed as if you had been served on the date the waiver is filed, but no summons will be served on you and you will have 60 days from the date this notice is sent (see the date below) to answer the complaint (or 90 days if this notice is sent to you outside any judicial district of the United States).

7    FEDERAL RULES OF CIVIL PROCEDURE   **Rule 4**

  If you do not return the signed waiver within the time indicated, I will arrange to have the summons and complaint served on you. And I will ask the court to require you, or the entity you represent, to pay the expenses of making service.

  Please read the enclosed statement about the duty to avoid unnecessary expenses.

  I certify that this request is being sent to you on the date below.

  Date:_____

_____

(Signature of the attorney
or unrepresented party)

_____

(Printed name)

_____

(Address)

_____

(E-mail address)

_____

(Telephone number)

RULE 4 WAIVER OF THE SERVICE OF SUMMONS.

(Caption)

  To (*name the plaintiff's attorney or the unrepresented plaintiff*):

  I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

  I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

  I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

  I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from _____, the date when this request was sent (or 90 days if it was sent outside the United States). If I fail to do so, a default judgment will be entered against me or the entity I represent.

  Date:_____

_____

(Signature of the attorney
or unrepresented party)

_____

(Printed name)

_____

(Address)

_____

(E-mail address)

_____

(Telephone number)

(Attach the following)

### DUTY TO AVOID UNNECESSARY EXPENSES
### OF SERVING A SUMMONS

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

''Good cause'' does not include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.